WISE, Judge.
The appellant, Sammie Davis, appeals the circuit court’s dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his August 2001 conviction for robbery in the first degree and his resulting sentence of life imprisonment as an habitual felony offender. Davis did not appeal the conviction.
On November 15, 2002, Davis filed this Rule 32 petition in which he alleged (1) that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he says, the State failed to properly certify his prior felony convictions, which were from Tennessee and (2) that his failure to appeal the conviction was through no fault of his own. On April 24, 2003, the State filed its response and argued that the petition was precluded by the one-year limitations period, that his counsel had given him proper notice of the State’s intent to proceed under the Habitual Felony Offender Act, and that the prior felony convictions from Tennessee were properly documented and offered into evidence. On June 23, 2003, the trial court dismissed the petition as precluded by the one-year limitations period of Rule 32.2(c), Ala.R.Crim.P.; the court’s order further stated that the court files and records reflected that the prior convictions were properly admitted into evidence. This appeal followed.
Davis argues that he did not appeal his conviction through no fault of his own. The State did not specifically refute those claims. Additionally, in its order denying the petition, the circuit court did not specifically address those claims. Because Davis claims that his failure to appeal was through no fault of his own could be meritorious, the circuit court erred in not addressing this claim. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning that claim. On remand, the circuit court may require the State to respond specifically to Davis’s allegation and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing. We pretermit discussion of Davis’s remaining claims.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

 Note from the reporter of decisions: On March 19, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 9, 2004, that court denied rehearing, without opinion.